UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SCOTT C. THERRIEN,                          )
                                            )
               Plaintiff,                   )
                                            )
        v.                                  )        Civil No. 06-31-B-W
                                            )
TOWN OF JAY, et al.,                        )
                                            )
               Defendants.                  )


**ORDER ON PLAINTIFF'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF THE POLICE PURSUIT**

After leading local police in a low-speed chase through two Maine towns, Scott C. Therrien claims Officer Stephen J. Gould assaulted him in violation of 42 U.S.C. § 1983. Mr. Therrien moves *in limine* to exclude evidence of the police chase. *Pl.'s Mot. in Limine to Exclude Evidence of Police Pursuit* (Docket # 43) (*Pl.'s Mot.*). Noting that he is willing to stipulate that the police had probable cause to arrest him for operating under the influence and that he ultimately pleaded guilty to that offense, Mr. Therrien claims that the "precise circumstances leading up to Plaintiff's arrest are irrelevant and unfairly prejudicial." *Id.* at 1. In support, Mr. Therrien cites *Wierstak v. Heffernan*, 789 F.2d 968 (1st Cir. 1986), in which the First Circuit concluded that "the trial court properly excluded evidence of the plaintiff's prearrest conduct in his excessive force action." *Pl.'s Mot.* at 2. Mr. Therrien argues further that the Court's earlier ruling – that the officer's initial takedown was lawful – makes evidence of the police pursuit even less relevant, since the sole remaining question is what happened after the takedown and whether it was justified. *Id.*

The Defendant responds that the videotape of the police pursuit is relevant to determining the "reasonableness of Officer Gould's actions under the Fourth Amendment" and "the credibility of Roger Baldridge, Scott Therrien, and Officer Stephen Gould . . . ." *Def. Stephen J. Gould's Resp. to Pl.'s Mot. in Limine on Police Pursuit* at 3 (Docket # 69).

The Court agrees with the Defendant.  Even with the Plaintiff's proposed stipulation, evidence of the police chase is relevant to the witnesses' opportunity to see and know the things about which they are expected to testify, the reasonableness or unreasonableness of the events about which they testify, and other facts and circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.  More specifically, the videotape may shed light on Mr. Therrien's state of mind as he was being pursued by the police, after he was stopped and taken down by the police, and his ability to recall the events of that evening.  It is also potentially illuminating as to whether the events happened the way the witnesses claim they happened.

*Wierstak* does not require a different result.  *Wierstak* addressed the admissibility of evidence that the civil plaintiff in a police brutality claim was involved in a burglary earlier that day.  *Wierstak*, 789 F.2d at 972-73.  In view of Mr. Wierstak's concession that the police had probable cause to arrest him, the First Circuit upheld the trial court's refusal to admit evidence of the earlier burglary.  *Id.*  *Wierstak* is consistent with a line of authority that excludes prearrest conduct where the cumulative nature of the evidence is minimally relevant and highly prejudicial.  *See Walker v. Mulvihill*, No. 94-1508, 1996 U.S. App. LEXIS 14397 (6th Cir. Apr. 24, 1996) (excluding details of the civil plaintiff's prior assault against an elderly woman in a police brutality case); *Wilson v. City of Chicago*, 6 F.3d 1233 (7th Cir. 1993) (excluding the details of the plaintiff's murder of two policemen from a later police brutality trial).

But, in those cases, the link between the plaintiffs' conduct while committing the crime and the later allegation of police brutality was attenuated. By contrast, here, there is a direct link between Mr. Therrien's failure to stop for the police and his credibility as a witness. The extent of Mr. Therrien's sobriety and his ability to see and hear the things about which he is complaining are illuminated by the events that transpired in the minutes leading up to the alleged assault. Further, here, a portion of the videotape is undoubtedly admissible from the point of the police stop to a point after the arrest, since it bears directly on whether the events occurred as Mr. Therrien claims they did. In these circumstances, *Wierstak* does not prohibit the admissibility of the entirety of the videotape of the police pursuit and arrest of Mr. Therrien.

The Court DENIES the Plaintiff's motion *in limine* to exclude evidence of the police pursuit (Docket # 43).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2007