UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SCOTT C. THERRIEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 06-31-B-W |
| | ) | |
| TOWN OF JAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF'S CONVICTIONS FOR OTHER OUIs

Concluding that the Plaintiff's prior convictions for operating under the influence are inadmissible under either Rule 609 or Rule 403, the Court grants his motion *in limine* to exclude evidence of the convictions during the trial of his police brutality claim.

### I. STATEMENT OF FACTS

Scott Therrien moves *in limine* to exclude evidence of his prior convictions for operating under the influence. *Pl.'s Mot. in Limine to Exclude Evidence of Pl.'s Convictions for Other OUIs* (Docket # 44) (*Pl.'s Mot.*). Mr. Therrien acknowledges that he was operating under the influence during the evening of February 27, 2004, when he led police officers from Livermore Falls to Jay, Maine on a low-speed chase. He contends, however, that after he was stopped and taken down to the ground, Officer Gould, one of the pursuing officers, assaulted him.

During discovery, Mr. Therrien answered interrogatories, which asked him to list his prior convictions. *Def. Stephen J. Gould's Resp. to Pl.'s Mot. in Limine on Pl.'s Convictions* Ex. A (Docket # 68) (*Def.'s Resp.*). His answer was incomplete. Although he admitted that he had been twice convicted of driving after suspension, and thrice convicted of operating under the

influence in New Hampshire, Massachusetts, and Maine, he failed to list a number of other convictions: terrorizing in 1995,[1] reckless endangerment in 1993, and additional OUIs in 1993, 1990, and 1987. *Def.'s Resp.* Ex. B, *Therrien Dep.* 122:24-25, 123:1-25, 124:1-25, 125:1-25, 126:1-7. Because Mr. Therrien's incomplete answer was under oath, the Defendant argues that he should be allowed to explore Mr. Therrien's responses to impeach his credibility. *Def.'s Resp.* at 4. Officer Gould also argues that the convictions are admissible for impeachment under Rule 609.

## II. DISCUSSION

### A. Rule 609 Analysis

Rule 609 provides guidance as to whether evidence of a witness's prior conviction is admissible in a civil action. FED. R. EVID. 609(a)(1). The Rule allows admissibility of the conviction, subject to Rule 403, if the crime was "punishable by death or imprisonment in excess of one year under the law under which the witness was convicted." *Id.* Officer Gould has failed to provide any evidence that Mr. Therrien's prior OUIs were punishable by imprisonment in excess of one year; therefore, based on the record before the Court, their admissibility under Rule 609(a) has not been established.[2]

Also, Rule 609 contains a time limit. Evidence of a conviction:

> is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction . . . substantially outweighs its prejudicial effect.

---

[1] It is unclear whether Officer Gould seeks to admit the terrorizing conviction. Although he mentions it in passing, the officer's memorandum does not separately address its admissibility.

[2] None of Mr. Therrien's convictions was for an act of dishonesty or false statement and, therefore, Rule 609(a)(2) does not apply. *See* FED. R. EVID. 609(a)(2).

FED. R. EVID. 609(b).  Here, with the exception of the 1995 conviction for terrorizing, each conviction occurred more than ten years before the February 27, 2004 incident at issue here; there is no evidence of when he was released from any confinement.

Under Rule 609(b), if the ten year period has lapsed, the conviction may still be admissible, but only if the "court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." *Id.*  The First Circuit has noted that in making this assessment, the court may consider a "wide array of factors," including "(i) the impeachment value of the particular convictions; (ii) their immediacy or remoteness (even though they are within the ten-year window); (iii) the degree of potential prejudice that they portend; (iv) the importance of the defendant's testimony; and, (v) the salience of the credibility issue in the circumstances of the particular case." *United States v. Brito*, 427 F.3d 53, 64 (1st Cir. 2005).[3]

Officer Gould's argument in favor of admission fails under a traditional Rule 609 balancing test, the prior OUI convictions here have only an attenuated relationship to his truthfulness, they are remote in time, and they present a potential for prejudice against Mr. Therrien, given the generally unfavorable light in which repeat drunk drivers are held.  *See Brito*, 427 F.3d at 64.  It is true that Mr. Therrien's credibility is central to this case, but the relationship between his prior OUIs and whether he would tell the truth at trial has not been demonstrated. *Compare id.* ("Prior drug-trafficking crimes are generally viewed as having some bearing on veracity.").  Finally, the jury will have evidence that Mr. Therrien was operating under the influence the evening of the incident; the admission of evidence of multiple prior OUIs may lead the jury to find that, if he was assaulted, he received his just desserts.

---

[3] Although *United States v. Brito* contemplated Rule 609 in the criminal context, the general factors to be considered seem to be equally applicable in the civil context.

### B. Rule 403 Analysis

Officer Gould presents his argument, however, with an unusual twist. Mr. Therrien was incomplete at best when he answered the officer's interrogatory about prior convictions, omitting five additional crimes. Officer Gould argues that the prior convictions are admissible not merely because they demonstrate a proclivity for untruthfulness, but more particularly because they provide the necessary foundation for demonstrating that he was untruthful in responding under oath to court-authorized discovery. Officer Gould cites the general principle that interrogatory answers may be admitted at trial for impeachment. *See* 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2180 (2d ed. 1994).

However, as Wright and Miller write, interrogatory answers may "be used by any party to impeach another party who takes the stand and gives testimony inconsistent with his or her answers to the interrogatories." *Id.* Here, to impeach Mr. Therrien on the basis of his inaccurate interrogatory answers, he would have to take the stand and prevaricate about his criminal history – something that, in light of the current state of the parties' actual knowledge, seems unlikely – and Rule 609 would not allow the predicate question in any event, since his particular criminal history bears such a tangential relationship to his credibility to begin with. Mr. Therrien's sworn statement may be admissible as a prior inconsistent statement under Rule 801(d)(1), but its admissibility again founders on the limited relevance of the misrepresentation under a Rule 403 analysis.

What Officer Gould is really carping about – with justification – is a discovery violation: Mr. Therrien's answers to interrogatories were demonstrably incomplete. It is difficult to know what the response would have been if Officer Gould had made a motion for sanctions during discovery. But, the Court is not inclined to sanction Mr. Therrien at trial for his misleading

response by allowing cross-examination on a peripheral matter. Further, Mr. Therrien prefaced his incomplete answer with the protective caveat: "As best I can recall," so cross-examination on the assumption that he lied in responding to the interrogatory may not only be less fruitful than Officer Gould envisions, but also presents a risk of confusion of the issues, undue delay and waste of time. *See* FED. R. EVID. 403.

## III. CONCLUSION

In any event, on this record, the Court will not allow Officer Gould to cross-examine Mr. Therrien on his lack of completeness in responding to the Defendant's interrogatory. *Def.'s Resp*. Ex. A ¶ 2. The Court GRANTS the Plaintiff's motion *in limine* to exclude evidence of his prior convictions (Docket # 44).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2007