UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SCOTT C. THERRIEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF JAY, et al., )<br>)<br>Defendants. ) | Civil No. 06-31-B-W |

## AMENDED[1] ORDER ON DEFENDANT'S MOTION *IN LIMINE* REGARDING SCOPE OF DR. HARDING'S EXPERT TESTIMONY

The Court denies the Defendant's motion *in limine* to exclude the testimony of the Plaintiff's treating physician.

## I. STATEMENT OF FACTS

In this § 1983 claim, Scott C. Therrien alleges that on February 27, 2004, following a low-speed chase through the towns of Livermore Falls and Jay, Maine, Officer Stephen J. Gould assaulted him after lawfully taking him down to the ground. The Court previously ruled that Officer Gould's takedown of Mr. Therrien did not support a § 1983 claim and granted summary judgment on that part of the Complaint. *Order on Def.'s Mot. for Summ. J.* (Docket # 36). To support his claim, therefore, Mr. Therrien intends to produce evidence of physical injuries inconsistent with the initial takedown and consistent with a later assault. To this end, Mr. Therrien has listed Dr. Leslie C. Harding, his family physician, as an expert witness. Dr. Harding, who examined Mr. Therrien the day after the alleged assault, is prepared to testify that the injuries he observed on February 28, 2004 were "not caused by a single fall or blow, but were

---

[1] This Amended Order corrects a typographical error contained in the Order on Defendant's Motion in Limine Regarding Scope of Dr. Harding's Expert Testimony (Docket # 75). The amendment is to correct the word "admissibly" to "admissible" in the last sentence of the next to the last paragraph of the Order.

instead due to multiple traumas." *Pl. Scott Therrien's Mem. in Opp'n to Def.'s Mot. in Limine Regarding the Scope of Dr. Harding's Expert Test.* at 2 (Docket # 57) (*Pl.'s Opp'n*). Officer Gould objects on the ground that Dr. Harding's expertise and foundation are inadequate to allow the expression of such an expert opinion. *Def. Stephen Gould's Mot. in Limine Regarding Scope of Dr. Harding's Expert Test.* (Docket # 46) (*Def.'s Mot.*).

## II. DISCUSSION

Citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Rule 702 of the Federal Rules of Evidence, Officer Gould's first objection is that Dr. Harding does not possess sufficient expertise to express expert opinions about "the mechanism and timing of Plaintiff's injuries." *Def.'s Mot.* at 6. This objection is not well taken. Dr. Harding was graduated from Dartmouth College and Georgetown Medical School; he completed a residency in internal medicine, is board certified in internal medicine, and has been licensed to practice medicine in the state of Maine since 1978. *Def.'s Mot.* Ex. A, *Dr. Harding Dep.* at 4-5 (*Harding Dep.*); Ex. B, *Dr. Harding CV*. In *Gaydar v. Sociedad Instituto Gineco-Quirurgico y Planificacion Familiar*, 345 F.3d 15, 24-25 (1st Cir. 2003), the First Circuit concluded that the trial court did not err in allowing a general practitioner to testify regarding ectopic pregnancies, even though he was neither a gynecologist nor an obstetrician. Here, as a medical doctor with a specialty in internal medicine, Dr. Harding is qualified to give expert opinions about the mechanism and timing of traumatic injury. The Defendant's objections go to weight, not admissibility. *See Mitchell v. United States*, 141 F.3d 8, 15-16 (1st Cir. 1998) (allowing internist with specialties in hematology and oncology to testify even though not a gastroenterologist).

Officer Gould's foundational objection is more significant. Dr. Harding testified that he was unaware of the specifics of Mr. Therrien's fall or the alleged assault:

> I don't remember the details. He said he'd been in a physical confrontation. I don't know if he told me he was resisting arrest. I don't know what he was doing. I'm not sure he knows. And no, I don't recall exactly the details of how the trauma happened or whether he actually told me, except that it was during a time when he was being arrested.

*Harding Dep.* at 11:18-24. On the other hand, Dr. Harding also testified:

> Well, he did have an acute head injury. He had a cut on his chin. He had scratches on his chin and right cheek and right ear, a slightly deviated nose, but I'll have to be honest with you. I cannot tell you if he previously had a deviated nasal septum before that injury. I'd never examined his nose before, so I don't know if that was new. But, his nose was bruised and deviated slightly. He had blood clots in his nostrils. He had a broken tooth that was freshly broken. So, yes, he had signs that he had been hit in the head and – more than once.

*Id.* at 10:25, 11:1-10. He went on to opine that, because of the location of Mr. Therrien's bruises, "you couldn't have one blow to cause all of them." *Id.* at 12:2-3. According to Dr. Harding, it's "[l]ike a fall, for example. A person could have fallen on his face and maybe bruised one or two bruises, but not all of the bruises that he had." *Id.* at 12:5-7. He went on:

> A single fall would not cause this. There are certain bruises that could be caused by a fall, but not a single fall . . . . There's a bruise on the nose and another one on the neck. I don't see how you could get both of those from falling once.

*Id.* at 48:13-15, 22-24.

      The foundational issue is not the underlying adequacy of the doctor's knowledge of the bruises, since he actually examined Mr. Therrien the day after the incident and since his recollection was refreshed by contemporaneous photographs. To the extent the doctor lacks detailed knowledge of the mechanism of the fall and the specifics of the assault, Mr. Therrien is free to provide an evidentiary foundation for Dr. Harding and Officer Gould is equally free to cross-examine the doctor on this point. Rather, the question is whether the doctor's observations

place an expert sheen on common sense.  But, on this issue, the courts "have taken a liberal approach to the admissibility of expert testimony in instances when a party offers expert guidance to the finder of fact respecting factual issues that arguably fall within the competence of lay people."  4-702 WEINSTEIN'S FEDERAL EVIDENCE § 702.03[2][b].  "[H]elpfulness is the touchstone of admissibility . . . ."  *United States v. 68.94 Acres of Land*, 918 F.2d 389, 393 (3d Cir. 1990).  Here, the doctor's knowledge of anatomy, his experience with trauma injuries, and his general medical knowledge may be helpful to the jury's understanding of the cause or causes of those injuries.  To the extent the doctor's opinions are not well founded, the Defendant has the right to "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof," which remain the "traditional and appropriate means of attacking shaky, but admissible evidence."  *Daubert*, 509 U.S. at 595-96.

## III.  CONCLUSION

The Court DENIES the Defendant's motion *in limine* regarding the scope of Dr. Harding's expert testimony (Docket # 46).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2007