UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SCOTT C. THERRIEN,                    )
                                      )
            Plaintiff,                )
                                      )
    v.                                )        Civil No. 06-31-B-W
                                      )
TOWN OF JAY, et al.,                  )
                                      )
            Defendants.               )

**ORDER ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

Following the Plaintiff's unsuccessful § 1983 lawsuit, the Court denies the Defendant's motion for an award of attorney's fees against the Plaintiff.

## I. STATEMENT OF FACTS

On March 13, 2006, Scott Therrien initiated a lawsuit alleging that Officer Stephen Gould, among others, used excessive force against him in making an arrest. *Compl.* (Docket # 1).   On December 14, 2006, Officer Gould moved for summary judgment and, on December 28, 2006, Mr. Therrien responded. *Def.'s Mot. for Summ. J.* (Docket # 24); *Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J.* (Docket # 27).   On April 6, 2007, the Court ruled that Mr. Therrien presented sufficient evidence to survive the dispositive motion as to the alleged assault on Mr. Therrien after Officer Gould took him to the ground. *Order on Def.'s Mot. for Summ. J.* at 22-23 (Docket # 36) ("The Court GRANTS the Motion for Summary Judgment on Count I of the Complaint to the extent it asserts a claim for damages from Officer Gould's initial takedown, but DENIES the motion to the extent it asserts a claim for damages from Officer Gould's alleged subsequent assault.").   Whether Officer Gould

employed excessive force after his initial takedown of Mr. Therrien was the sole question at a jury trial beginning on June 6, 2007.  The jury returned a defense verdict on June 8, 2007.

Officer Gould now moves for attorney's fees pursuant to 42 U.S.C. § 1988; Mr. Therrien opposes.  *Def.'s Mot. for Attorney's Fees* (Docket # 91); *Pl.'s Mem. in Opp'n to Def.'s Mot for Attorney's Fees* (Docket # 92).

## II. DISCUSSION

In the United States, litigants are typically required to bear their own attorney's fees. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001).  Under this "American Rule," attorney's fees are not awarded to the prevailing party in the absence of explicit statutory authority.  *Id.*; *Rodriguez-Rodriguez v. Ortiz-Velez*, CIVIL 01-1267CCC, 2006 U.S. Dist. LEXIS 72926, at *3 (D.P.R. Sept. 28, 2006).  In cases brought pursuant to 42 U.S.C. § 1983, Congress has authorized the award of attorney's fees to the prevailing party under 42 U.S.C § 1988 which reads: "In any action or proceeding to enforce a provision of [section 42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

In a similar context, the Supreme Court has stated that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."  *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 422 (1978).  Two years later, the Supreme Court further clarified the standard, saying:

> The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees. As we stated in *Christiansburg*: 'To

> take the further step of assessing attorney's fees against
> plaintiffs simply because they do not finally prevail would
> substantially add to the risks inhering in most litigation and
> would undercut the efforts of Congress to promote the vigorous
> enforcement of the provisions of Title VII. Hence, a plaintiff
> should not be assessed his opponent's attorney's fees unless a
> court finds that his claim was frivolous, unreasonable, or
> groundless, or that the plaintiff continued to litigate after it
> clearly became so.'

*Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980) (citing *Christiansburg*, 434 U.S. at 422).

The First Circuit has followed suit, saying that the "standard for a civil rights defendant to receive fees is high to encourage legitimate civil rights claims." *Ward v. Hickey*, 996 F.2d 448, 455 (1st Cir. 1993).   The First Circuit cautioned against 20/20 hindsight, saying: "In determining whether this standard has been met, the court must assess the claim at the time the complaint was filed, and must avoid the post-hoc reasoning that, because the plaintiff did not ultimately prevail, the claim must have been frivolous, unreasonable or without foundation." *Tang v. Dep't of Elderly Affairs*, 163 F.3d 7, 13 (1st Cir. 1998).

Here, the Court cannot conclude that the action was entirely without merit, deserving of an award of attorney's fees in favor of the Defendant.  The Court was unable to summarily dispose of Mr. Therrien's case on the Defendant's motion and ruled that Mr. Therrien presented factual issues requiring jury resolution.  After the evidence closed, the Court denied the Defendant's motion for judgment as a matter of law and instead allowed the case to proceed to a verdict.  Finally, although the jury – after full deliberations – ruled against the Plaintiff, his loss does not mean that his claim was frivolous when initially brought.

Moreover, the policy discouraging an award of attorney's fees in this arena is sound. The First Circuit has written that "courts are most often faced with motions for attorney's

fees by prevailing plaintiffs . . . [and] decisions to grant defendants their fees are, and should be, rare." *Id*. The heightened standard vigilantly guards against the chilling effect the threat of the imposition of attorney's fees would have on individuals contemplating legitimate claims based on constitutional and civil rights violations; the monetary risk would retard the beneficent goals of the legislation. "As to the chilling effect caused by an award of fees to the defendants, when a court imposes fees on a plaintiff who has pressed a frivolous claim, it chills nothing that is worth encouraging." *Rodriguez-Rodriguez*, 2006 U.S. Dist. LEXIS, at *4-5.

At bottom, this is not the rare case that Congress envisioned, justifying an award of a defendant's attorney's fees.

## III. CONCLUSION

The Defendant's Motion for Attorney's Fees (Docket # 91) is DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2007